Benjamin T. Andersen, *Of Counsel*
Pacific Northwest Law, LLP
1420 World Trade Center
121 S.W. Salmon Street
Portland, Oregon 97204
t. 503.222.2510
f. 503.222.0569
btandersen@pacificnwlaw.com

Attorney for Defendant

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                              Plaintiff,<br><br>v.<br><br>Jeremiah James JOHNSON<br>                              Defendant. | Case No.    3:11-CR-374-MO<br><br>PETITION TO ENTER PLEA OF<br>GUILTY, CERTIFICATE OF COUNSEL,<br>AND ORDER |

The defendant represents to the court:

1.      My name is Jeremiah James Johnson.  I am 29 years old.  I have gone to school through _____12_____.

2.      My attorney is Benjamin Andersen.

3.      My attorney and I have discussed my case fully.  I have received a copy of the Indictment.  I have read the Indictment, and I have discussed it with my attorney.  My attorney has counseled and advised me concerning the nature of the charge, any lesser-included offense, and the possible defenses that I might have in this case.  I have been advised and understand that the elements of the charge alleged against me to which I am pleading "GUILTY" are as follows: On July 24, 2011, in the Confederated Tribes of the Umatilla Indian Reservation, a place within the territorial jurisdiction of the United States,

within the District of Oregon, I assaulted an individual identified in the indictment as "LAS" with a dangerous weapon with intent to do bodily harm. I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case. I understand that the Court may ask whether I am satisfied with the advice I have received from my attorney.

4.      I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offenses to which I am pleading guilty. I also know that if I answer falsely under oath and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5.      I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason. I have not taken any drugs or medications within the past seven (7) days, except for those prescribed by a physician.

6.      I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences could include loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7.      I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

a.        The right to a speedy and public trial by jury, during which I will be

presumed to be innocent unless and until I am proven guilty by the

government beyond a reasonable doubt and by the unanimous vote of

twelve jurors;

b.        The right to have the assistance of an attorney at all stages of the

proceedings;

c.        The right to use the power and process of the court to compel the

production of evidence, including the attendance of witnesses in my

favor;

d.        The right to see, hear, confront, and cross-examine all witnesses

called to testify against me;

e.        The right to decide for myself whether to take the witness stand and

testify, and if I decide not to take the witness stand, I understand that

no inference of guilt may be drawn from this decision; and

f.        The right not to be compelled to incriminate myself.

8.        I know that if I plead "GUILTY" there will be no trial before either a judge or a

jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I

may have filed concerning matters or issues not related to the court's jurisdiction.

9.        In this case I am pleading "GUILTY" under Rule 11(c)(1)(B).  My attorney has

explained the effect of my plea under Rule 11(c)(1)(B) to be as follows:

My plea of guilty is under Rule 11(c)(1)(B); therefore, although the judge will
consider the recommendations and agreements of both the prosecution and defense
attorneys concerning sentencing, the judge is not obligated to follow those
recommendations or agreements.  If the judge imposes a sentence different from what I
expected to receive under the terms of my Plea Agreement with the prosecutor, I do not
have a right to withdraw my plea.

10.    I know the maximum sentence which can be imposed upon me for the crime to which I am pleading guilty is ten (10) years imprisonment and a fine of up to $ 250,000.

11.    I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $100.00 per count of conviction.

12.    I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the judge can substantially increase the amount of the unpaid balance owed on the fine and I can be imprisoned for up to one year.

13.    My attorney has discussed with me the Federal Sentencing Guidelines.  I know that the Guidelines are advisory, not mandatory.  I also know the sentencing judge, in determining the particular sentence to be imposed, must consider those factors set forth in Title 18, Section 3553(a) of the United States Code, including but not limited to: the nature and circumstances of the offense, my own history and characteristics, the goals of sentencing (punishment, deterrence, protection and rehabilitation), and the sentencing range established by the advisory Guidelines.  If my attorney or any other person has calculated a guideline range for me, I know that this is only a prediction and advisory and that it is the judge who makes the final decision as to what the guideline range is and what sentence will be imposed.  I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph ten (10) above.

14.    I know from discussion with my attorney that, under the Federal Sentencing Guidelines if I am sentenced to prison I am not entitled to parole.  I will have to serve the full sentence imposed except for any credit for good behavior that I earn.  I can earn credit

for good behavior in prison at a rate of up to 54 days for each year of imprisonment served. Credit for good behavior does not apply to a sentence of one year or less.

15.    I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence.  During my supervised release term, I will be supervised by a probation officer in accordance to terms and conditions set by the judge. In my case, a term of supervised release can be two to three years.  If I violate the conditions of supervised release, I may be sent back to prison for up to two years.

16.    I know that by pleading guilty in this court, my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

17.    My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor.  That Plea Agreement is attached hereto and incorporated herein.  I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

18.    The Plea Agreement contains the only agreement between the United States government and me.  I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing in the Plea Agreement, or which is not presented to the judge in my presence in open court at the time of the entry of my plea of guilty.

19.    My plea of "GUILTY" is not the result of force, threat, or intimidation.

20.    I hereby request that the judge accept my plea of "GUILTY" to Count 2 of the Indictment.

21.    I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted.  With respect to the

charge to which I am pleading guilty, I represent that I did the following acts and that the following facts are true: On July 24, 2011, in the Confederated Tribes of the Umatilla Indian Reservation, I stabbed an individual identified in the indictment as "LAS" with a dangerous weapon with intent to do bodily harm.

22.    I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

SIGNED by me in the presence of my attorney, after reading or having had read to me all of the foregoing pages and paragraphs of this Petition, this ___1___ day of ~~October~~, *November* 2012.

*Jeremiah J. Johnson*
Jeremiah James Johnson

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    Case No.      3:11-CR-374-MO
                              Plaintiff,
v.                                           CERTIFICATE OF COUNSEL

Jeremiah James JOHNSON,
                              Defendant.

The undersigned, as attorney for defendant, hereby certify:

1.      I have fully explained to the defendant the allegations contained in the
Indictment in this case, any lesser-included offenses, and the possible defenses which may
apply in this case.

2.      I have personally examined the attached Petition To Enter Plea of Guilty And
Order Entering Plea, explained all its provisions to the defendant, and discussed fully with
the defendant all matters described and referred to in the Petition.

3.      I have explained to the defendant the maximum penalty and other
consequences of entering a plea of guilty as described in this Petition, and I have also
explained to the defendant the applicable Federal Sentencing Guidelines.

4.      I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full
discussion with the defendant of the contents of the Petition To Enter Plea of Guilty, and
any Plea Agreement, on this 1st day of November, 2012.

_____
Benjamin T. Andersen
Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                    Plaintiff,<br>v.<br><br>Jeremiah James JOHNSON,<br>                    Defendant. | Case No.       3:11-CR-374-MO<br><br>ORDER |

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this 28 day of January 2013, in open court.

_____
Michael W. Mosman
United States District Judge