

**U.S. Department of Justice**

*S. AMANDA MARSHALL*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*           (503) 727-1000
*Portland, OR  97204-2902*                 *Fax: (503) 727-1117*

October 4, 2012

Benjamin T. Andersen
Attorney at Law
1420 World Trade Center
121 SW Salmon Street
Portland, OR 97204

>     Re:   **United States v. Jeremiah James Johnson**
>           **3:11-cr-00374-MO**
>           **Final Plea Offer Letter**

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count Two of the Indictment, which charges the crime of Assault With A Dangerous Weapon in violation of Title 18, United States Code, Section 113(a)(1) and 113(a)(3).

3. **Penalties**: The maximum sentence is 10 years imprisonment, a fine of up to $250,000, three years of supervised release and a $100 fee assessment.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss Count 1. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to U.S.S.G. § 2A2.2(a), is set at Base Offense Level 14, prior to adjustments. Because a dangerous weapon was used, a four level increase in the offense level is applied pursuant to U.S.S.G. §§

Revised 02/03/10

United States v. Jeremiah James Johnson
CR 3:11-cr-00374-MO
Plea Offer Letter

2A2.2(b)(2)(B). Because the victim suffered serious bodily injury a five level increase in the offense level is applied pursuant to U.S.S.G. §§ 2A2.2(b)(3)(B). Thus, the total adjusted offense level is 23.

Defendant is free to argue that U.S.S.G. §§ 2A2.2(b)(3)(A) allows for a three (as opposed to five) level increase due to the nature of the injuries sustained by the victim.

Defendant agrees that the elements of this offense are as follows:

1. On or about July 24, 2011, in the District and State of Oregon, at a place within the special maritime and territorial jurisdiction of the United States, namely the Confederated Tribes of the Umatilla Indian Reservation, JEREMIAH JAMES JOHNSON, an Indian male, defendant herein, intentionally struck and wounded LAS (Louie Anderson Shippentower), and;

2. when defendant JOHNSON struck and wounded LAS he acted with the specific intent to do bodily harm, and;

3. defendant used a dangerous weapon.

7. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8. **Sentencing Recommendation**: The USAO will recommend a low-end sentence as long as defendant demonstrates an acceptance of responsibility as explained above. The government will join with defendant in urging a four-level downward variance pursuant to Title 18 United States Code, Section 3553(a). Defendant is free to seek any lawful sentence.

9. **Mandatory Restitution:** The parties agree that the Mandatory Restitution Act applies to this case and that defendant will be required to pay full restitution for medical costs incurred by the victim in this case.

United States v. Jeremiah James Johnson
CR 3:11-cr-00374-MO
Plea Offer Letter

10. **Additional Departures, Adjustments, or Variances**:

    A.    Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

    B.    Defendant agrees that, should he seek a downward departure, adjustment, or variance from the applicable guideline range beyond that agreed to in this plea agreement, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if he fails to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.

11.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

United States v. Jeremiah James Johnson
CR 3:11-cr-00374-MO
Plea Offer Letter

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

JOHNATHAN S. HAUB
Assistant United States Attorney

cc: SA Jason Floyd, FBI

### CERTIFICATION OF COUNSEL AND ACCEPTANCE OF PLEA OFFER

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

11-1-12
Date

Jeremiah James Johnson, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

11/1/12
Date

Ben Andersen, Attorney for Jeremiah James Johnson

Revised 02/03/10