S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**JOHNATHAN S. HAUB, OSB #** 76165
Assistant United States Attorney
John.Haub@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1032
Facsimile:  (503) 717-1117
      Attorneys for United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:11-CR-00374-01-MO |
| v. | GOVERNMENT'S AMENDED SENTENCING MEMORANDUM |
| JERIMIAH JAMES JOHNSON, | Sentencing: July 8, 2013 at 10:00am |
| Defendant. | |

      The United States of America, through S. Amanda Marshall, United States Attorney for the District of Oregon, and Johnathan S. Haub, Assistant United States Attorney, hereby submits the following sentencing memorandum for the Court's review.

**A.**    **Summary of Proceedings**.

      On January 28, 2013, defendant pled guilty to Count 2 of the Indictment charging him with Assault With Intent To Do Bodily Harm with a Dangerous Weapon, namely a knife, in violation of 18 U.S.C. § 113(a)(3) and 1153.  The maximum sentence the Court may impose is

up to ten years' imprisonment, a fine of up to $250,000, a three-year term of supervised release, and a $100 fee assessment.

A Presentence Report (PSR) has been completed. The government believes that the facts underlying the defendant's count of conviction, his overall criminal activity, his Sentencing Guideline Calculations and his criminal history are accurately laid out in the PSR.

**B.    Sentencing Calculations**

While not bound by the Sentencing Guidelines, Courts must first consult the guidelines and take them into account at sentencing. *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 767 (2005). Even though the guidelines are advisory, they remain influential in an effort to ensure nationwide consistency in sentencing. *Gall v. United States*, 128 S.Ct. 586, 596 (2007) ("to secure nationwide consistency, the guidelines should be the starting point and initial benchmark" for sentencing); *see also, United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) ("[The] continuing duty of district Courts to consult the guidelines is statutory"). After the parties are given a chance to argue for a sentence they believe is appropriate, the Court should consider the 18 U.S.C. § 3553(a) factors and decide whether they support the sentence advocated by the parties. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (*citing Gall*, 128 S.Ct. at 596-97 n. 6). The Court must then make an individualized sentencing determination based upon the facts. *Id.* The guidelines should not be given more or less weight than the other § 3553(a) factors. *Id.* If the Court decides a non-guideline sentence is warranted the Court must ensure the justification is sufficiently compelling to support the degree of variance. *Id.* Once a sentence is selected, the Court must explain its rationale sufficiently to permit meaningful appellate review. *Id.* at 992.

The government believes defendant's guideline calculations are:

| | |
|---|---|
| Base Offense Level, USSG § 2A2.2: | 14 |
| Dangerous Weapon, USSG §§ 2A2.2(b)(2)(B): | +4 |
| Degree of Injury Adjustment, USSG §§ 2A1.1(b)(3)(D): | +4[1] |
| Acceptance of Responsibility, USSG § 3E1.1: | -3 |
| Total Offense Level: | 19 |

The defendant's Criminal History Category is VI. With an offense level of 19 and a criminal history category of VI, defendant's advisory Sentencing Guidelines range is between 63-78 months' imprisonment. The government urges a further four-level downward variance pursuant to Title 18, United States Code, Section 3553(a) to a sentence with a range of 41-51 months imprisonment, taking into account all the circumstances of the assaultive behavior and the conduct of the victim in this case.

**C.    Government's Recommended Sentence.**

The government recommends a sentence of 41 months' imprisonment; three years supervised release, and a $100 fee assessment. The government is attempting to determine the amount of restitution due to the victim and Saint Anthony Hospital in Pendleton, Oregon, and will advise the Court and defendant of the results of that inquiry.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

---

[1] In the government's plea offer, a five-level increase was contemplated with respect to the degree of injury. The government now acquiesces in the PSR writer's determination that a four-level enhancement should be applied.

**Government's Amended Sentencing Memorandum                                               Page 3**

The government will urge dismissal of Count 1 of the Indictment. Designation to FCI Sheridan is recommended. In his plea agreement the defendant waived most or all of his appellate rights.

Dated this 27th day of June, 2013.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney

/s/ *Johnathan S. Haub*
JOHNATHAN S. HAUB, OSB # 76165
Assistant United States Attorney